USCA1 Opinion

 

 February 28, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1642 ASOCIACI N DE MAESTROS DE PUERTO RICO, Petitioner, v. NATIONAL LABOR RELATIONS BOARD, Respondent.  ____________________ No. 95-1740 NATIONAL LABOR RELATIONS BOARD, Petitioner, v. ASOCIACI N HOSPITAL DEL MAESTRO, INC., ET AL., Respondent.  ____________________ ON PETITIONS FOR REVIEW AND ENFORCEMENT OF AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD  ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________  ____________________ Zaida Prieto Rivera, with whom Cancio, Nadal, Rivera & Diaz was ___________________ ____________________________ on brief for Asociacion de Maestros de Puerto Rico. Fred L. Cornnell, with whom Frederick L. Feinstein, General ________________ ______________________ Counsel, Linda Sher, Associate General Counsel, and Aileen A. __________ _________ Armstrong, Deputy Associate General Counsel, were on brief for NLRB. _________  ____________________  ____________________ 2 Per Curiam. Asociaci n de Maestros de Puerto Rico Per Curiam. ___________ ("AMPR") petitions for review of a National Labor Relations Board order which determined that AMPR and Asociaci n Hospital del Maestro, Inc. ("the Hospital") constitute one employer under the so-called "single employer" doctrine. See Penntech Papers, Inc. ___ _____________________ v. NLRB, 706 F.2d 18, 25 (1st Cir.), cert. denied, 464 U.S. 892 ____ _____ ______ (1983). In the companion case, the National Labor Relations Board applies for enforcement. As the record discloses substantial evidentiary support for the "single employer" finding; see 29 U.S.C. 152(2) (Supp. ___ 1995); Penntech Papers, Inc., 706 F.2d at 22-25, and the Board's _____________________ subsidiary findings are not challenged,1 we uphold the "single employer" ruling, dismiss the petition for review in No. 95-1642, and direct enforcement of the Board's order.  SO ORDERED. See Loc. R. 27.1 (1st Cir.). SO ORDERED __ _______ ___  ____________________ 1We note, nonetheless, that whether the "single employer" label fits may well depend in some measure on the nature of the underlying unfair labor practice claim. In the present case, the dispute concerned whether financial information about one company should be disclosed in connection with collective bargaining between the other company and its union. We have little diffi- culty in concluding that the relationship between these compa- nies, viewed in light of this unfair labor practice claim, afforded ample basis for the Board order. Whether the same result should obtain in the context of a different unfair labor practice claim need not be decided. 3